**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN KEARNS<br>1732 Aviation Blvd., #418<br>Redondo Beach, CA 90278<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION<br>800 Independence Ave., S.W.<br>Washington, D.C. 20591,<br><br>Defendant. | Civil Action No. 17-cv-434 |

**COMPLAINT**
**Preliminary Statement**

1. Through this action, brought under the Privacy Act ("PA"), 5 U.S.C. § 552a, *et seq.*, *as amended*, and the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq., as amended*, (collectively, "FOIA/PA") Plaintiff, Kevin Kearns ("Kearns"), appeals the Defendant's, the Federal Aviation Administration ("FAA" or "Agency"), (1) failure to provide Kearns with a full and complete FOIA/PA response and (2) improper withholding of responsive documents or segregable portions thereof.

2. Plaintiff has been employed by the Federal Government since 1990 and has been employed with the FAA's Drug Abatement Division since 2003.

3. Since 2012, Plaintiff has been the subject of numerous unfounded, unsubstantiated, and frivolous complaints by fellow employees of the FAA.

4. These complaints have been tracked and maintained in various FAA system of records and are identified as Accountability Board case numbers 2012-0155 and 2014-0274, Additional Employee Relations Activities – Other Matters ("AERO") case numbers 3199, 3337, 4459, 4549, and 4611, and Internal Security Investigation File Numbers AHW20140239 and AHW20150091.

5. The FAA Accountability Board is an oversight board comprised of senior executives who oversee management's response to allegations or incidents of sexual harassment, misconduct of a sexual nature, reprisal, and harassment or other misconduct that creates or may create an intimidating, hostile or offensive work environment based on race, color, religion, gender, sexual orientation, national origin, age, and disability.

6. None of the allegations made against Plaintiff have been substantiated. However, many of the allegations are serious in nature, and inaccurate information in the FAA system of records could have a negative effect on Plaintiff's future employment endeavors or his ability to obtain/maintain a security clearance.

7. It is Plaintiff's intention to pursue employment at other federal agencies, some of which may require a security clearance. To obtain employment at another federal agency, Plaintiff will be required to undergo a background investigation. Any future prospective federal employer will be provided unfettered access to Plaintiff's employment record at the FAA and any false information compiled under the aforementioned complaints could negatively impact Plaintiff's ability to gain future federal employment.

8. Through two separate requests, Plaintiff has attempted to gain access to some of the files generated by investigations into the complaints so that he can challenge any erroneous and/or false information.

9. However, the FAA has improperly denied Plaintiff the opportunity to review all relevant records or reasonably segregable portions thereof, and refused to process portions of Plaintiff's requests, as clarified on appeal.

10. Plaintiff appealed the Agency's denials of his requests, to no avail. Accordingly, the FAA has improperly withheld responsive agency records, to which Kearns is entitled as a matter of law, regarding Accountability Board case number 2012-0155, as well as responsive agency records regarding internal security investigation file numbers AHW20140239 and AHW20150091.

## **Jurisdiction**

11. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552a(g)(5), 552(a)(4)(B), and 28 U.S.C. § 1331.

## **Venue**

12. Venue is appropriate in this Court under 5 U.S.C. §§ 552a(g)(5), 552(a)(4)(B), and 28 U.S.C. § 1391.

## **Parties**

13. Plaintiff Kevin Kearns is a citizen of the United States and resides in Los Angeles County, California. Plaintiff is an employee of the Defendant Agency.

14. Defendant Federal Aviation Administration is an agency within the meaning of 5 U.S.C. § 552a(a)(1) and 5 U.S.C. § 552(f), and is in possession and/or control of records pertaining to Plaintiff. The FAA is headquartered in Washington, DC.

## **Factual Allegations**

*Request for Records Related to Accountability Board Case No. 2012-0155*

15. Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1-14 as if fully set forth herein.

16. On July 8, 2015, Plaintiff requested a copy of Accountability Board case number 2012-0155 through the FAA's online electronic FOIA request portal.

17. On July 9, 2015, Defendant acknowledged receipt of the Plaintiff's request and assigned it FOIA #2015-007559. Ex. 1.

18. By letter dated July 31, 2015, the FAA sent a partial response to Plaintiff's request. Ex. 2.

19. The FAA invoked FOIA exemption 5 U.S.C. § 552(b)(6) as the basis for its withholding of requested records.

20. In its partial response, the Agency assumed that Kearns sought only the Case Report for Accountability Board case number 2012-155.

21. Via email on August 27, 2015, to FOIA-Appeals@faa.gov, Kearns submitted an administrative appeal of the Agency's decision to withhold responsive records. Ex. 3.

22. Plaintiff clarified on appeal that his request was for the entire case file, not simply the case report.

23. On September 23, 2015, Defendant acknowledged receipt of Plaintiff's administrative appeal.

24. By letter dated October 30, 2015, the FAA denied Plaintiff's administrative appeal. Ex. 4.

25. In its denial, the FAA invoked FOIA exemptions 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(C) as the basis for its withholdings.

26. In its administrative appeal denial letter, the FAA asserts that "[s]ince [Kearns] did not raise [his] initial request under both the FOIA and the Privacy Act, we are not considering [his] appeal under the Privacy Act. However, [he] might be eligible for additional information under the Privacy Act." Ex. 4.

27. The FAA insisted that "it is improper at the administrative appeal stage to amend the initial FOIA request," notwithstanding its acknowledgement that the purpose of the FOIA appeals process is "to provide a requestor with the opportunity to raise arguments challenging an agency's initial determination, where the requester believes the agency acted incorrectly or erroneously."

28. FAA did not seek authentication as to Kearns' identity in order to fully evaluate the application of Exemption 6, 5 U.S.C. § 552(b)(6), but instead directed him to submit a separate PA request.

29. By way of email to privacy@faa.gov, on November 7, 2015, Plaintiff made a PA request for a "copy of the entire Accountability Board case file 2012-0155, including any signed statements and other records and reports."

30. By letter dated December 23, 2015, Defendant refused to release any additional information or documents. Ex. 5.

*Request for Records Related to Internal Security Investigation File Nos. AHW20140239 and AHW20150091*

31. On September 12, 2016, by way of FAA's online electronic FOIA request portal, Plaintiff requested "a complete copy of internal security investigation file number

AHW20140239 and AHW20150091, including all documents and statements gathered as part of each investigation." Ex. 6.

32. On September 21, 2016, Defendant acknowledged receipt of the Plaintiff's request and assigned it FOIA #2016-009336. Ex. 7.

33. By letter dated October 24, 2016, the FAA sent a partial response to Plaintiff's request, indicating that the FAA had located 1,537 pages of responsive records. Ex. 8.

34. The letter stated that 797 pages were withheld in full.

35. The letter also stated that portions of 333 were withheld.

36. The FAA invoked FOIA exemption 5 U.S.C. § 552(b)(6) in support of its decision to withhold such records.

37. The FAA did not make a determination as to whether the requested information was releasable under the PA.

38. On November 3, 2016, Plaintiff administratively appealed the decision to withhold records. Ex. 9.

39. On November 10, 2016, Defendant acknowledged receipt of Plaintiff's administrative appeal. Ex. 10.

40. To date, Defendant has not further responded to Plaintiff's administrative appeal.

## CLAIMS FOR RELIEF

### First Claim
### Accountability Board Documents

41. Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1-40, and all exhibits thereto, as if set forth in full herein.

42. Plaintiff's request for Accountability Board documents, FOIA #2015-007559, sought "Accountability Board case number 2012-0155."

43. Defendant interpreted this request as being the Case Report for Case Number 2012-0155, and provided a redacted version thereof.

44. On appeal, Plaintiff clarified that he sought all records relating to Accountability Board case number 2012-0155, rather than simply the case report.

45. The Agency denied Kearns' request for reconsideration, as clarified by his appeal, claiming that "the entire case file" was not reasonably within the scope of his request for "Accountability Board case number 2012-0155." *Cf. Hall & Assocs. v. U.S. Envtl. Prot. Agency*, 83 F. Supp. 3d 92, 102 (D.D.C. 2015), *reconsideration denied*, No. 13-CV-0823 (TSC), 2016 WL 5396653 (D.D.C. Sept. 27, 2016) (remanding FOIA request to agency to process request as modified by appeal).

46. The Agency further failed to consider the request under both FOIA and the PA, notwithstanding U.S. Department of Transportation ("DOT") regulations stating that

> "DOT also processes [first-party FOIA] requests in accordance with the Privacy Act ( 5 U.S.C. 552a) if the records reside in a Privacy Act system of records (defined in 5 U.S.C. 552a(a)(5) as a system from which information is retrieved by the individual's name or some other personal identifier). *Whichever statute provides greater access is controlling.*"

49 C.F.R. 7.25(a) (emphasis added).

47. In sum, the Agency has violated FOIA/PA by failing to adhere to its responsibilities under FOIA/PA and its own implementing regulations as regards to Plaintiff's request for records under FOIA #2015-007559.

48. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records or reasonably segregable portions thereof in response to FOIA #2015-007559.

49. Kearns has exhausted his administrative remedies.

50. Plaintiff has been required to incur costs and fees in this matter, including attorney fees, teleconference fees, filing fees, administrative and other costs.

51. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

52. All conditions precedent to the filing of this suit have occurred or have been performed.

**Second Claim**
**<u>Internal Security Investigation File Nos. AHW20140239 and AHW20150091</u>**

53. Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1-40, and all exhibits thereto, as if set forth in full herein.

54. Kearns' request, designated FOIA #2016-009336, sought complete case files and all records associated with Internal Security Investigation File Nos. AHW2140239 and AHW20150091.

55. Kearns explicitly sought these records under both FOIA and the PA.

56. Defendant FAA withheld, in whole or in part, one thousand, one hundred and thirty (1,130) pages of documents that it designated as responsive to Plaintiff's request.

57. Of the 1,130 pages, seven hundred and ninety-seven (797) were withheld in full.

58. By letter dated November 3, 2016, Kearns appealed the Agency's decision to withhold documents that pertained to him, on the grounds that FOIA exemptions (and in particular, Exemption 6) do not apply to material which must be released under the Privacy Act.

59. The Agency acknowledged receipt of Kearns' appeal, but has not otherwise responded thereto in the subsequent five months.

60. Kearns has exhausted his administrative remedies.

61. Plaintiff has been required to incur costs and fees in this matter, including attorney fees, teleconference fees, filing fees, administrative and other costs.

62. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

63. All conditions precedent to the filing of this suit have occurred or have been performed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Kearns, respectfully prays this Court enter Judgment for Plaintiff providing the following relief:

A. Maintain jurisdiction over this action until the FAA is in compliance with FOIA, the PA, and every order of this Court;

B. Declare that FAA has violated FOIA/PA by refusing to process Plaintiff's Request for Accountability Board case number 2012-0155 as clarified by his appeal;

C. Declare that FAA has violated FOIA/PA by failing to provide Kearns with all responsive, non-exempt records to FOIA #2015-007559, as clarified by his administrative appeal;

D. Order FAA to process Kearns' request, FOIA #2015-007559, as clarified on appeal, under both FOIA and the PA;

E. Order FAA to provide Kearns with all non-exempt records responsive to FOIA #2015-007559, as clarified by his administrative appeal, under FOIA or the PA, whichever compels the greatest degree of disclosure;

F. Declare that FAA has violated FOIA/PA by improperly withholding records responsive to FOIA #2016-009336;

G. Declare that FAA has violated FOIA/PA by failing to address Kearns' administrative appeal in a timely manner;

H. Order the Agency to release all non-exempt, responsive records to to FOIA #2016-009336, under FOIA or the PA, whichever compels the greatest degree of disclosure;

I. Order FAA to expunge all inaccurate and/or unsubstantiated information relating to Plaintiff from his employment file, and from any system of records which is or may be shared with other agencies or employers in the event that Plaintiff seeks employment elsewhere;

J. Award Plaintiff any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined by the court, but not less than $1,000;

K. Award reasonable costs and attorneys' fees to Kearns as provided in 5 U.S.C. § 552(a)(4)(E) and/or 5 U.S.C. §§ 552a(g)(3)(B); and

L. Grant such other relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Alexander J.E. English
GreenSpring Legal, LLC
DC Bar # 455266
1509 Rainbow Dr., Ste. 101
Silver Spring, MD 20905
*Phone*: 301.466.4024
*Fax*: 410.928.4952
aenglish@greenspringlegal.com

*Attorney for Plaintiff*

Dated: March 10, 2017